JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-07808-FWS-JDE                                Date: April 8, 2026
Title: Alex Lopez *et al.* v. Suzuki Motor of America, Inc.

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

|  |  |
|---|---|
| Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:                       Attorneys Present for Defendants:

Not Present                                             Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO LOS ANGELES SUPERIOR COURT [23]**

Defendant Suzuki Motor of America, Inc. ("Suzuki") removed this putative class action about Suzuki's allegedly defective motorcycles from Los Angeles Superior Court. (Dkts. 1; 1-1 ("Complaint" or "Compl.").)  Plaintiffs Alex Lopez and Travell Woods (together, "Plaintiffs") filed a Motion to Remand. (Dkt. 23 ("Motion").)  Suzuki opposes the Motion. (Dkt. 25 ("Opposition" or "Opp.").)  Plaintiffs filed a reply in support of the Motion. (Dkt. 26 ("Reply").)  The court found this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing that was scheduled for April 2, 2026**,** was vacated and taken off calendar. (Dkt. 30.)  Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion.

## I.      Background

Plaintiffs allege that Suzuki sells defective motorcycles.  (*See generally* Compl.)  A part of the motorcycles' braking mechanism is prone to chemically react with brake fluid such that brake pressure is diminished.  (*Id.* ¶ 2.)  Suzuki tried to redesign the braking defect but "the redesign did not solve the problem." (*Id.* ¶ 3.)  Plaintiffs purchased motorcycles that suffer from the braking defect and now bring this case on their own behalf and on behalf of "[a]ll persons within California who purchased a Suzuki Motorcyle from a Suzuki authorized dealership." (*Id.* ¶ 52.)

---

**CIVIL MINUTES – GENERAL**                                                        1

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-07808-FWS-JDE                    Date: April 8, 2026
Title: Alex Lopez *et al.* v. Suzuki Motor of America, Inc.

The court approved the parties' agreement to conduct limited jurisdictional discovery in this case.  (Dkt. 18.)  Suzuki produced motorcycle warranty registration data containing "(1) the number of unique persons who purchased at least one Suzuki Motorcycle from a Suzuki authorized dealership in California and provided an address at the time of purchase for the purpose of warranty registration; (2) the city, state and zip code provided; (3) the dates of purchase; (4) the location of the dealerships where purchases were made; and (5) the area codes for phone numbers provided, if any," but would not produce the data directly to Plaintiffs' counsel. (Dkt. 23-3 at 10-11.)  Subject to a confidentiality agreement, Suzuki provided the Registration Data to Plaintiffs' consultant, Darryl Thompson, but did not provide the data directly to Plaintiffs.  (Dkt. 23-7 ("Thompson Decl. ¶¶ 5, 6.)

Thompson is the "Chief Operating Officer and Chief Information Officer of JND Legal Administration ('JND')" and has "extensive experience in data information, including best practices for obtaining updated address information."  (*Id.* ¶ 1.)  Suzuki sent Thompson a data file containing "names, addresses, and additional information for 39,192 entities who were identified as the alleged absent Class members in this litigation, as well as the complete 3 addresses they provided at the time of their relevant purchases."  (*Id.* ¶ 6.)  "Of the 39,192 lines of data, 38,272 provided a California address at the time of their purchase."  (*Id.* ¶ 7.)  To obtain an updated address for each class member, Thompson "conducted an advanced address search by running the data file through TransUnion's TRADS system.  TransUnion aggregates data from thousands of public and proprietary sources, to provide the most up to date address for a particular person.  Trans Union will only provide an updated address if there is a single matching record in their system to the data points provided.  If there is not a single match, Trans Union will not provide an updated address.  In my experience, this means that address information from TransUnion is highly accurate."  (*Id.* ¶ 8.)

"Out of the 39,192 records contained in the Class File, Trans Union was able to match 30,682 to specific persons and either provided an updated address or confirmed the address already on file is the most current."  (*Id.* ¶ 10.)  "23,790 [persons] or 77.5% [of the matched pool] were confirmed as having a current address in California."  (*Id.* ¶ 11.)  "6,892 [persons] or 22.5% [of the matched pool] were confirmed by TransUnion as having a current address outside California."  (*Id.* ¶ 11.)  Of the 8,510 persons not matched by TransUnion, 8,253 provided a California address at the time of purchase.  (*Id.* ¶ 12.)

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-07808-FWS-JDE                          Date: April 8, 2026
Title: Alex Lopez *et al.* v. Suzuki Motor of America, Inc.

## II.      Legal Standards and Discussion

Suzuki contends that the court has jurisdiction over this case under the Class Action Fairness Act.  CAFA provides the federal courts with original jurisdiction over class actions involving at least 100 class members, where the amount in controversy exceeds $5 million, and in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).  The parties agree that Plaintiffs' purported class meets those requirements.  But CAFA "includes a number of exceptions that require a federal district court to decline jurisdiction even if the above requirements were met."  *King v. Great Am. Chicken Corp, Inc.*, 903 F.3d 875, 877–78 (9th Cir. 2018).  Here, Plaintiffs invoke the home state exception.  (*See generally* Mot.)

"The home state exception accords two bases for remand: one mandatory and the other within the district court's discretion." *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1220 (9th Cir. 2020).  Under the first, the district court "shall" decline to exercise jurisdiction where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B).  Under the second, the district court "may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction" when more than *one-third* of the putative class, and the primary defendants, are citizens of the state where the action was originally filed.  28 U.S.C. § 1332(d)(3).  Plaintiffs invoke both the mandatory and discretionary exceptions.

The "burden falls on the party seeking remand . . . to show that an exception to CAFA jurisdiction applies." *Adams*, 958 F.3d at 1221.  "A district court makes factual findings regarding jurisdiction under a preponderance of the evidence standard." *King*, 903 F.3d at 884.  "Although such a finding must be based on more than mere guesswork," the Ninth Circuit has "repeatedly cautioned that the burden of proof on a plaintiff should not be exceptionally difficult to bear." *Adams*, 958 F.3d at 1221 (citation modified).

One way a plaintiff may meet their burden is by putting forward evidence of the mailing addresses of the putative class members. *E.g., Adams*, 958 F.3d at 1221.  That makes sense because at "minimum, a person's residence constitutes *some* evidence of domicile." *Id.*  But "last known mailing addresses are not a direct proxy for residence, and residence is not a direct

---



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-07808-FWS-JDE                                    Date: April 8, 2026
Title: Alex Lopez *et al.* v. Suzuki Motor of America, Inc.

proxy for citizenship." *Id.* at 1223.  Some of the "verified California addresses probably belong to people who are not California citizens, or even citizens of the United States." *Id.* (citation modified).  So a plaintiff who relies only on mailing addresses must show at least some "cushion afforded by the percentage of class members with last known California addresses, as compared to the percentage of class member citizens required." *Compare id.* at 1223 (holding "that the district court reasonably inferred from the facts in evidence that it was more likely than not that more than one-third of class members were California citizens" because more than 90% had last known mailing addresses in California where the plaintiff argued under the more permissive discretionary exception); *with King*, 903 F.3d at 876 (vacating remand where the evidence required the court to assume that nearly all the class members with last known addresses in California were also California citizens).

Here, Plaintiffs rely on evidence of the class's mailing address to prove citizenship. 97.5% of the proposed class provided a California mailing address at the time of their purchase. (Thompson Decl. ¶ 7.)  Plaintiffs' consultant's analysis provides the following key data points: 60.7% of the persons identified in Suzuki's data were tracked to the same California address they provided at the time of purchase or a new California address; 21% of the class were not tracked to any new address and provided a California address at the time of purchase; 17.6% of the class were matched to an address outside California.  (*Id.* ¶¶ 7-12.)  Putting that together, about 81.7% of the class has a last-known mailing address in California.

In this case, the court concludes Plaintiffs' evidence is sufficient to show that at least two-thirds of the class were California citizens at the time of removal.  That 60.7% of the proposed class matched to a California address twice—both at the time of purchase and at Thompson's later follow-up—provides more helpful evidence than a case where a class member is matched to an address only once.  And the court finds it reasonable to infer that people are more likely to purchase a motorcycle in their home state than they would be to make that purchase elsewhere. *Cf. Johnson v. Yuma Reg'l Med. Ctr.*, 2023 WL 12175565, at *2 (D. Ariz. Jan. 19, 2023) ("In this case, it is significant that in Arizona, and more specifically Yuma, there are many people that live here part of the year but are citizens of other states.  This makes a given mailing address at any given time less reliable as proof of citizenship than may be the case in other states.").  The court sees this as a close question, but Plaintiffs need only meet their burden by a preponderance of the evidence and that burden "should not be exceptionally difficult to bear." *Mondragon*, 736 F.3d at 886; *see Walker v. Apple, Inc.*, 2015 WL 12699871,

JS-6

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-07808-FWS-JDE                                Date: April 8, 2026
Title: Alex Lopez *et al.* v. Suzuki Motor of America, Inc.
_____

at *3 (S.D. Cal. Sept. 17, 2015) (finding that Plaintiffs met their burden where 80% of the class members provided mailing addresses in California); *see also Mastro v. City of Hope*, 2024 WL 3891068, at *2 (C.D. Cal. Aug. 21, 2024) (finding "the mandatory home state exception likely applie[d]" where 89.03% of known valid mailing addresses were in California and issuing order to show cause as to the possibility of remand).

Suzuki raises several issues with the quality of Plaintiffs' data. (*See* Opp. at 7-13.) The court is unpersuaded by those arguments because they contradict Suzuki's own representations about the data that it provided to Plaintiffs. For example, Suzuki argues that Plaintiffs fail to "distinguish between the addresses of businesses and individuals in the Registration Data" and to account for duplicate names in the data. (Opp. at 10, 13.) But Suzuki agreed to provide data about "*unique persons* who purchased at least one Suzuki Motorcycle" from a California dealership and provided a mailing address. (Dkt. 23-4 at 12 (emphasis added).) The court sees no reason not to hold Suzuki to its own representations about its data. *See Serrano v. Bay Bread LLC*, 2014 WL 4463843, at *3 (N.D. Cal. Sept. 10, 2014) ("The Court also recognizes that Defendants are partly responsible for the quality of Plaintiffs' evidence. . . Had Defendants disclosed more information, Plaintiffs could have contacted a sample of members to obtain evidence of their intention to remain in California. Or, Defendants could have reviewed their records themselves, and presented any evidence against citizenship directly to the Court. Defendants did neither, again failing to rebut the most reasonable inferences to be drawn from Plaintiffs' evidence.").

Suzuki further contends that Plaintiffs miscalculated the total size of their proposed class. Suzuki points out that this court has dealt with this defect before: just over two years ago, Plaintiffs' counsel filed a putative class action alleging similar claims arising out of the same defect on behalf of a nationwide class represented by different named plaintiffs. *See Jackson et al. v. Suzuki Motor of Am., Inc.*, Case No. 8:23-cv-02189-FWS-JDE, Dkt. 1 (C.D. Cal. filed Nov. 21, 2023). The court dismissed the complaint in *Jackson* without leave to amend and the plaintiffs' appeal of that decision is ongoing. Because Plaintiffs' counsel is litigating *Jackson* simultaneously with *Lopez*, Suzuki avers that "*Jackson* and *Lopez* should be treated as the same 'class action.'" (Opp. at 2.) The court is not persuaded. "Plaintiffs are the masters of their complaint." *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 868 (9th Cir. 2013) (citation modified). And "the existence of parallel actions does not effectively confer exclusive federal jurisdiction." *See Dunlap v. Episource LLC*, 2025 WL 3677536, at *3 (C.D. Cal. Dec. 15,

_____



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 2:25-cv-07808-FWS-JDE                    Date: April 8, 2026
Title: Alex Lopez *et al.* v. Suzuki Motor of America, Inc.

2025) (citing *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (noting that state courts "enjoy concurrent jurisdiction over [CAFA] actions")). "To be sure, parallel actions are disfavored because they create inefficiency and potential inconsistency and are subject to abuse. But absent a legislative change to federal jurisdiction, parties must look elsewhere for a potential remedy." *Id.* (declining to find jurisdiction where defendants argued that plaintiffs "artfully limited their pleading to include only California citizens to escape CAFA jurisdiction").

Finally, Suzuki argues that, although Suzuki is the only named Defendant, Plaintiffs have not met their burden to show that all primary defendants are California citizens. Suzuki contends that Suzuki Motor Corporation ("SMC") should be considered a primary defendant because SMC designed and manufactured the motorcycles at issue. (Opp. at 15-16.) But Plaintiffs do not name SMC as a defendant and the court declines to look beyond the four corners of the Complaint in ascertaining the primary defendants. *See In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 564 F.3d 75, 79 n.4 (1st Cir. 2009) (rejecting the argument "that CAFA's reference to 'primary defendant' requires a court to look beyond the plaintiff's complaint to consider unnamed defendants against whom the class could pursue a claim arising from the same core set of facts").

Because Plaintiffs have shown by a preponderance of the evidence that greater than two thirds of the class are California citizens and that Suzuki, a California citizen, is the only primary defendant, the court finds that remand is mandatory under CAFA's home state exception.

## III. Disposition

For the reasons stated above, the court **GRANTS** the Motion. The court **REMANDS** this case to Los Angeles Superior Court as Case No. 25STCV07961.

---